UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BIOLOGICS, INC.,

    Plaintiff,

v.                                                Case No.  8:09-cv-362-T-24 TGW

WOUND SYSTEMS, LLC,

    Defendant.
_____/

### ORDER

This cause comes before the Court on Defendant's Motion to Dismiss.  (Doc. No. 9). Plaintiff opposes the motion.  (Doc. No. 15).

**I.  Background**

Plaintiff Biologics, Inc. alleges the following in its complaint (Doc. No. 1): In 1988, Mark Hagopian formed Biologics.  Hagopian registered the copyright for a computer program named "Archimedes Linker."  Biologics developed surface technology called "Fluid Immersion Simulation" based on the Archimedes Linker software, and the combination of the technology and software became well known as Biologics' "Dolphin Technology."

Later, Biologics began to convert the Dolphin Technology for use as a therapeutic support surface and created biomedical transportation and support systems ("Biomedical Equipment").  In 1999, Hagopian obtained a patent for the support system.  By the late 1990's, Biologics began distributing its Dolphin Technology based support systems, and since then, the phrases "Dolphin Technology," "Fluid Immersion Simulation from Dolphins," and "Dolphin" in connection with mattresses for medical care have become well known as Biologics' Biomedical

Equipment products. In 2005, Defendant Wound Systems, LLC's principal, Winston Porter, entered into a Distributor Agreement under which Wound Systems became the Florida distributer for Biologics' Dolphin Technology based Biomedical Equipment.

In 2005, Hagopian filed for a patent on a surgical table based on the Dolphin Technology. In 2006, Biologics began using the "™" symbol is connection with its Dolphin Technology based Biomedical Equipment. However, at that time, Biologics had not filed an application to register its names or marks.

From mid-2007 through early 2008, Wound Systems and Biologics engaged in a negotiation for the sale and purchase of certain assets of Biologics. In September of 2007, in connection with this potential purchase, Wound Systems submitted applications for federal trademark protection for the following names: "Dolphin Technology," "Dolphin Pressure Redistribution System," "Dolphin Bed," "Dolphin Mattress," and "Dolphin Pad" (collectively referred to as "the 'Dolphin' names").

On February 1, 2008, pursuant to an Assignment of Contract Rights, Wound Systems became the exclusive distributor of Biologics' Dolphin Technology based Biomedical Equipment products in Florida. However, the parties were unable to agree upon the terms for the sale and purchase of Biologics' assets, and in late October 2008, the parties agreed to sever their relationship and terminate the Distributor Agreement and Assignment of Contract Rights.

Thereafter, in early January 2009, Wound Systems was notified that its trademark applications regarding the "Dolphin" names were deemed abandoned. In response, on January 15, 2009, Wound Systems filed petitions to revive the trademark applications. Additionally, Wound Systems modified its website referencing the Dolphin Technology and Fluid Immersion

Simulation in such a way as to mislead viewers into believing that Wound Systems developed and owns the Dolphin Technology, the Archimedes Linker software, the "Dolphin" trademarks, the underlying technology of Biologics' Biomedical Equipment, and that Wound Systems has the distribution rights for the Dolphin Technology and Biomedical Equipment. On January 20th and 22nd of 2009, Biologics submitted applications to register the trademarks "Fluid Immersion Simulation" and "Dolphin."

Thereafter, on February 26, 2009, Biologics filed this lawsuit, in which it asserts eight claims against Wound Systems: (1) federal trademark infringement, (2) federal unfair competition, false designation of origin, and false description, (3) dilution of trademark under Florida law, (4) unfair competition under Florida's Deceptive and Unfair Trade Practices Act, (5) unfair competition under Florida law, (6) conversion, (7) unjust enrichment, and (8) false or fraudulent registration. In response, Wound Systems filed the instant motion to dismiss.

## II.  Motion to Dismiss

In its motion, Wound Systems makes three arguments in support of its request for dismissal: (1) Biologics' complaint fails to state a claim; (2) this Court is not the proper venue for this case; and (3) even if venue is proper, the Court should transfer this case to the Northern District of Georgia. For the reasons stated below, the Court rejects all of these arguments.

### A.  Failure to State a Claim

Wound Systems first argues that this case is subject to dismissal, because Biologics cannot state a claim due to Biologics releasing of all of its claims against Wound Systems in a settlement agreement. Specifically, Wound Systems refers to a Release and Settlement Agreement ("Settlement Agreement") that they entered into on October 31, 2008, in which they

mutually agree that: (1) they are free to carry on their respective businesses "in such a manner as they deem appropriate" without regard to the terminated Distributor Agreement and Assignment of Contract Rights; and (2) they release the other from any and all claims that they may have, whether known or unknown, at any time in the past through the date of the agreement. (Doc. No. 9, Ex. 2, ¶ 1(g), 2(a), 2(b)).

Wound Systems argues that after the Settlement Agreement, Wound Systems carried on its business as it saw fit, which including pursuing the applications for trademark protection of the "Dolphin" names that it began prior to the Settlement Agreement. Further, Wound Systems argues that when one applies for a trademark, the law requires that an applicant verify that no one else has the right to use the mark for which the applicant seeks protection. Therefore, argues Wound Systems, if Biologics believed Wound Systems' verification to be untrue, such a claim existed prior to the Settlement Agreement, which means that such claims are covered by the Settlement Agreement and have now been released. The Court rejects this argument.

Biologics is not suing Wound Systems for pre-Settlement Agreement conduct; instead, Biologics is suing Wound Systems for its conduct that occurred after the execution of the Settlement Agreement on October 31, 2008. Specifically, Biologics is suing Wound Systems for improperly filing petitions in 2009 to revive the prior abandoned trademark applications and for having its website improperly use the "Dolphin" names after October 31, 2008. Therefore, since Biologics is asserting claims that accrued after the Settlement Agreement, these claims cannot be affected by the release contained in the Settlement Agreement. Accordingly, Biologics' claims are not subject to dismissal for failure to state a claim due to the Settlement Agreement.

### B.  Improper Venue

Next, Wound Systems argues that the complaint should be dismissed because venue is not proper in this Court.  Specifically, Wound Systems points out that it is a Georgia corporation, and therefore, any infringement occurring on its website occurred in Georgia.  This argument has no merit.

Any infringement occurring on the internet occurs in Florida if it is accessible in Florida.  See Licciardello v. Lovelady, 544 F.3d 1280, 1283 (11th Cir. 2008).  Additionally, Wound Systems was a Florida distributor, and it had a shared office in a county within the Middle District of Florida.  (Doc. No. 1, ¶ 25, 26).  The Court also notes that Biologics is a Florida corporation.  Accordingly, this lawsuit is not subject to dismissal for improper venue.

### C.  Transfer

Next, Wound Systems argues that this case should be transferred to the Northern District of Georgia based on: (1) the Settlement Agreement; (2) forum non conveniens, and/or (3) 28 U.S.C. § 1404(a).  None of these arguments have merit.

With regards to the first argument, that this case must be transferred pursuant to the Settlement Agreement, Wound Systems points to paragraph 5(b), which provides that "any dispute arising hereunder shall be submitted to the United States District Court for the Northern District of Georgia."  As explained previously, this suit does not deal with conduct covered by the Settlement Agreement, and as such, this lawsuit does not arise under it.

Wound Systems' argument based on forum non conveniens is equally unavailing.  The doctrine of forum non conveniens "authorizes a court with venue to decline to exercise its jurisdiction when the parties' and court's own convenience, as well as the relevant public and

private interests, indicate that the action should be tried elsewhere." <u>Liquidation of Com'n of Banco Intercontinental, S.A. v. Renta</u>, 530 F.3d 1339, 1356 (11th Cir. 2008)(citation omitted). However, "[d]omestic plaintiffs enjoy a strong presumption that their chosen forum is convenient." <u>Id.</u> (citation omitted). Further, "[a] defendant seeking dismissal for forum non conveniens bears the burden of demonstrating (i) that an adequate alternative forum is available, (ii) that relevant public and private interests weigh in favor of dismissal, and (iii) that the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." <u>Id.</u> (citation omitted). Wound Systems has not met this burden.

Likewise, Wound Systems has not shown that transfer is appropriate under § 1404(a). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Wound Systems bears the burden of showing that a change of venue is warranted under § 1404(a) after consideration of several factors[1], and transfer should only be granted if the balance of convenience of the parties strongly favors Wound Systems. <u>See</u> <u>Merswin v. Williams Companies, Inc.</u>, 2009 WL 249340, at *4-5 (N.D. Ga. Jan. 30, 2009)(citations omitted). Wound Systems has not met this burden.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss

---

[1]The § 1404(a) factors to be considered "include: (1)the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." <u>Manuel v. Convergys Corp.</u>, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)(citation omitted).

(Doc. No. 9) is **DENIED**.

    **DONE AND ORDERED** at Tampa, Florida, this 14th day of April, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record